UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4668

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL LEE LAMPKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (CR-04-15)

Submitted:  September 30, 2005          Decided:  November 3, 2005

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael A. Bragg, BRAGG LAW, P.L.C., Abingdon, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Lee Lampkins appeals his conviction and sentence imposed for manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(2000), and maintaining a place for the purposes of manufacturing methamphetamine, in violation of 21 U.S.C. § 856(a)(1) (2000). Including several enhancements, the Presentence Report ("PSR") reflected an applicable guidelines range was 78-97 months' imprisonment. In written objections to the PSR, Lampkins asserted that the judicial enhancements listed in the PSR violated his Sixth Amendment rights under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

At sentencing, Lampkins objected to the amount of drugs attributed to him. The district court rejected these claims, and adopted the drug quantities as listed in the PSR. The district court sentenced Lampkins to seventy-eight months in prison, and in light of <u>United States v. Hammoud</u>, 378 F.3d 426 (4th Cir.) (order), <u>opinion issued by</u> 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), <u>cert. granted and judgment vacated</u>, 125 S. Ct. 1051 (2005), imposed an alternative sentence of forty-eight months. On appeal, Lampkins objects to the district court's calculation of drug quantity and imposition of an enhancement for creating a substantial risk of harm to human life under United States Sentencing Guideline § 2D1.1(b)(5)(B).

- 2 -

Because Lampkins objected in the district court to the guidelines calculation under Blakely, he need not establish plain error. Cf. United States v. White, 405 F.3d 208 (4th Cir. 2005); United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Under Fed. R. Crim. P. 52(a), however, "[a]ny error . . . that does not affect substantial rights must be disregarded." After careful review of the record, we conclude that Lampkins suffered no Sixth Amendment violation because Lampkins stipulated to the adjusted offense level as part of his plea agreement. Thus the facts underlying the attributable amount of drugs and the risk of harm enhancement were admitted, and not based on impermissible judicial fact-finding.

Lampkins also raises the issue of the legality of the mandatory application of the Guidelines. Assuming without deciding that Lampkins' claim is subject to plain error review, we conclude that the district court plainly erred in its mandatory application of the Sentencing Guidelines.[1] Hughes, 401 F.3d at 553 (holding that sentencing under a mandatory regime is "a separate class of error . . . distinct from the Sixth Amendment claim that gave rise to the decision in Booker" and that "[t]his error . . . may be asserted even by defendants whose sentences do not violate the Sixth Amendment."). Moreover, because the district court expressly stated that under an advisory sentencing scheme, it would have

---

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Lampkins' sentencing.

imposed a lower sentence of forty-eight months, we conclude that Lampkins' seventy-eight-month sentence affected his substantial rights and we exercise our right to note the error on appeal. Accordingly, we affirm Lampkins' conviction, but remand for resentencing consistent with <u>Booker</u>.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[2]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547 (citation omitted).